USDC SCAN INDEX SHEET

















BJR    3/1/00    9:40

3:00-CV-00413   BAUER V. WESTEK ASSOCIATES

*1*

*CMP.*

1  JERRY MICHAEL SUPPA, State Bar #067744
   SUPPA, TRUCCHI & LEE
2  3055 India Street
   San Diego, CA  92103-6013
3  Telephone No. 619-297-7330

4  Attorneys for Plaintiff
   RONALD BAUER
5

6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10  RONALD BAUER, an individual,    ) Case No.:
    dba AMERICAN DE ROSA, a          )
11  Corporation,                     )  '00 CV 0413 IEG  (CGA)
                                     )
12            Plaintiff,             ) COMPLAINT FOR:
    vs.                              )
13                                   ) 1. PATENT INFRINGEMENT
                                     ) 2. UNFAIR COMPETITION
14  WESTEK ASSOCIATES, a             ) 3. INTENTIONAL INTERFERENCE WITH
    Corporation,                     )    PROSPECTIVE ECONOMIC ADVANTAGE
15  JOHN ROORDA, an individual,      ) 4. NEGLIGENT INTERFERENCE WITH
    and DOES 1 through 20,           )    PROSPECTIVE ECONOMIC ADVANTAGE
16  inclusive,                       ) 5. ACCOUNTING
                                     )
17            Defendants.            )    [JURY TRIAL REQUESTED]
    ─────────────────────────────── )

18

19        Plaintiff alleges:

20                  INTRODUCTORY ALLEGATIONS

21                   Jurisdiction and Venue

22        1.   This Court has jurisdiction of this action pursuant to 28

23  U.S.C. §1338.

24        2.   Venue is proper in this judicial district pursuant to

25  Title 28, U.S.C. §§1391 and 1400(a).

26  ///

27  ///

28  ///

                                1

**Parties**

3.   The named parties to this action and their capacities are:

a.   Plaintiff RONALD BAUER, is an individual (hereinafter referred to as "BAUER"), and is a citizen of the United States who resides in Los Angeles, California and maintains his principal place of business at 1945 Tubeway Avenue, City of Commerce, County of Los Angeles, State of California.

b.   Plaintiff alleges on information and belief that Defendant WESTEK ASSOCIATES (hereinafter "WESTEK") is, and at all times herein mentioned was, a corporation with its principal place of business within this County and within the jurisdiction of this Court.

c.   Plaintiff alleges on information and belief that Defendant JOHN W. ROORDA (hereinafter "ROORDA") is, and at all times herein mentioned was, an employee and/or agent of WESTEK and an individual residing within this County and within the jurisdiction of this Court.

4.   Defendant DOES 1 through 20, inclusive, are sued herein by fictitious names, their true names and capacities being unknown to Plaintiff, and when known, leave of Court will be sought to amend accordingly.   Plaintiff is informed and believes, and thereon alleges that such fictitiously named Defendants have or claim to have an interest or obligation in these proceedings or the subject matter hereof, and at all pertinent times herein:

a   Were the partner, joint-venturer, principal or owner of the named Defendants;

b   Were the employee or agent of the named Defendants;

2

1       c.   Acted within the scope of such agency or employment

2  with the complete knowledge, consent and authority of the named

3  Defendants; and/or

4       d.   Were responsible in some way for Plaintiff's

5  damages.

6                    **FIRST CAUSE OF ACTION**

7           **FOR PATENT INFRINGEMENT BROUGHT BY PLAINTIFF**

8           **BAUER AGAINST DEFENDANTS WESTEK AND ROORDA**

9           **AND DOES 1 THROUGH 20, INCLUSIVE.**

10      5.   Plaintiff repleads and realleges the previous paragraphs

11  contained herein and incorporates them by reference as though fully

12  set forth word for word herein.

13      6.   BAUER is the inventor of the "Showcase Adjustable Compact

14  Lighting System", which is a lamp assembly that utilizes, as a

15  source of light, an elongated illumination tube within a carrier

16  housing, with this housing being pivotal and mounted between a pair

17  of mounting brackets which are utilized to fixedly mount the lamp

18  assembly at any desired location on an exterior object.

19      7.   On or about May 15, 1992, BAUER filed an application for

20  a United States Patent for the Showcase Adjustable Compact Lighting

21  System and was assigned Application No. 883675.

22      8.   On or about January 12, 1993, BAUER's Application was

23  granted and BAUER was subsequently assigned United States Patent No.

24  5,178,449 (hereinafter "patent"), containing five claims.  A copy of

25  Plaintff's patent is attached hereto as Exhibit "A".

26  ///

27  ///

28  ///

1    9.   Since January 12, 1993, the Showcase Adjustable Compact

2  Lighting System has been reproduced by Plaintiff, and all copies of

3  it made by Plaintiff or under his authority or license, have been

4  reproduced in strict conformity with all laws and regulations

5  governing United States Patents.

6    10.   Since January 12, 1993 through the present, Plaintiff has

7  been, and still is, the sole proprietor of all rights, title, and

8  interest in and to U.S. Patent No. 5,178,449.

9    11.   After January 12, 1993, Defendants, WESTEK and ROORDA,

10  infringed upon Plaintiff's patent by making, using, selling, or

11  offering for sale, within the United States, or the importing into

12  the United States, during the term of Plaintiff's patent, the

13  invention defined by Plaintiff's patent's claims, without

14  Plaintiff's authority. A copy of the Defendants' infringing work is

15  attached hereto as Exhibit "B".

16    12.   On or about December 29, 1997, Plaintiff mailed written

17  notice (Exhibit "C") to Defendants advising them of the patent

18  infringement.

19    13.   After January 12, 1993, and continuously through the

20  present, Defendants have been making, using, selling, or offering

21  for sale the invention within the United States or importing the

22  invention into the United States, during the term of Plaintiff's

23  patent, the invention defined by Plaintiff's claims, without

24  Plaintiff's authority.

25  ///

26  ///

27  ///

28

4

14.   As a result of Defendants' wrongful conduct, Plaintiff has been, and will continue to be, deprive of the benefits of selling Plaintiff's product, to deprive Plaintiff of goodwill, and to injure Plaintiff's relations with present and prosecutive customers.

15.   Plaintiff is entitled to recover from Defendants the damage, including attorney's fees, Plaintiff will sustain and has sustained, and any gains, profits, and advantages obtained by Defendants as a result of Defendants acts of infringement alleged above, in an amount to be determined at trial.

16.   Furthermore, Plaintiff is informed and believes that Defendants infringing as set forth above was knowing, intentional, and willful, thereby entitled Plaintiff to an enhancement of the award of damages as well as attorney fees.

17.   In addition, Plaintiff is entitled to and hereby requests an order prohibiting Defendants from making, using, selling, or offering for sale the invention within the United States or importing the invention into the United States, during the term of Plaintiff's patent, the invention defined by Plaintiff's claims, without Plaintiff's authority.

### SECOND CAUSE OF ACTION

**FOR UNFAIR COMPETITION BROUGHT BY PLAINTIFF**

**BAUER AGAINST DEFENDANTS WESTEK AND ROORDA**

**AND DOES 1 THROUGH 20, INCLUSIVE.**

19.   Plaintiff repleads and realleges the previous paragraphs contained herein and incorporates them by reference as though fully set forth word for word herein.

///

1    20.   This Count arises under the unfair competition laws of
2    the State of California.   Defendants' conduct alleged above
3    constitutes unlawful, unfair, or fraudulent business practices in
4    violation of California Business & Professions Code §§17200 et seq.
5    Jurisdiction is conferred upon the Court by 28 U.S.C. §1338 and the
6    doctrine of pendent jurisdiction.

7    21.   By reason of the Defendants' infringements and threatened
8    infringements, Plaintiff has sustained and will continue to sustain
9    substantial injury, loss, and damage to his ownership rights.

10    22.   These wrongful acts have proximately caused and will
11    continue to cause Plaintiff substantial injury, including loss of
12    customers, dilution of goodwill, confusion of existing and potential
13    customers, injury to Plaintiff's reputation, and diminution in value
14    to Plaintiff's potential products.

15    23.   Plaintiff is entitled to recover from Defendants the
16    damages sustained by Plaintiff as a result of their acts of unfair
17    competition.   Plaintiff is at present unable to ascertain the full
18    extent of the monetary damages that Plaintiff has suffered by reason
19    of Defendants' acts of unfair competition.

20    24.   Plaintiff is further entitled to recover from Defendants
21    the gains, profits and advantages they have obtained as a result of
22    their acts of unfair competition and patent infringement.   Plaintiff
23    is at present unable to ascertain the full extent of the gains,
24    profits and advantages Defendants have obtained as a result of their
25    acts of unfair competition, and will seek leave to set forth said
26    amounts when ascertained.

27    ///

28    ///

### THIRD CAUSE OF ACTION

**FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE BROUGHT BY PLAINTIFF BAUER
AGAINST DEFENDANTS WESTEK AND ROORDA AND DOES
1 THROUGH 20, INCLUSIVE.**

25.   Plaintiff repleads and realleges the previous paragraphs contained herein and incorporates them by reference as though fully set forth word for word herein.

26.   Jurisdiction is conferred upon the Court by 28 U.S.C. §1338 and the doctrine of pendent jurisdiction.

27.   At all relevant times, Plaintiff's business involved the creation and marketing of the Showcase Adjustable Compact Lighting System.   Plaintiff fostered and developed new and ongoing business by acquiring the trust and confidence of customers and prospective customers, negotiating and performing contracts, and developing and maintaining a valuable and substantial patronage and goodwill, with the resultant expectation of receiving future business and referrals.

28.   At all relevant times herein, Defendants, and each of them, knew of the existence of the business relationships between Plaintiff and Plaintiff's customers and prospective customers, and knew that a substantial probability of future economic benefit to Plaintiff existed as a result of such relationships.   Defendants, and each of them, also knew that causing harm to or interfering with these relationships would result in substantial damage to Plaintiff.

///

///

29.   Between dates currently unknown to Plaintiff, Defendants, and each of them, conspired to design and implement, and designed and implemented, an intentional and deliberate plan and scheme to disrupt the economic relations between Plaintiff and Plaintiff's customers and prospective customers.   On information and belief, such wrongful conduct of Defendants includes, but is not limited to, engaging in a business in competition with Plaintiff with the malicious intention and design of obstructing and interfering with the successful operation of Plaintiff's business.

30.   Defendants, and each of them, were aware that Plaintiff's created the Showcase Adjustable Compact Lighting System. Defendants' conduct was an intentional and deliberate plan and scheme to damage Plaintiff in order to wrongfully usurp business opportunities from Plaintiff, to more easily acquire future business, and to diminish the value of Plaintiff's business.

31.   Defendants, and each of them, knew that their wrongful conduct would damage or destroy Plaintiff's customer base and would likely deter potential future customers from business interaction with Plaintiff, and further, would damage or destroy Plaintiff's business reputation and goodwill, Plaintiff's business opportunities in general, and Plaintiff's prospects of marketing the Showcase Adjustable Compact Lighting System at a fair and reasonable price.

32.   The wrongful conduct of Defendants, and each of them, has resulted in substantial harm to Plaintiff's business including, but not limited to, prospective customers avoiding entering into business relationships with Plaintiff.

///

8

1   33.  As a direct and proximate result of Defendants' conduct,

2   Plaintiff has suffered injury and damages, including, but not

3   limited to, injury to trade, business and goodwill, in a sum to be

4   ascertained and proven at trial.

5   34.  The aforementioned acts of Defendants were willful,

6   oppressive and malicious.   Plaintiff is therefore entitled to

7   punitive damages in a sum to be ascertained and proven at trial.

8   **FOURTH CAUSE OF ACTION**

9   **FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE**

10   **ECONOMIC ADVANTAGE BROUGHT BY PLAINTIFF BAUER**

11   **AGAINST DEFENDANTS WESTEK AND ROORDA AND DOES**

12   **1 THROUGH 20, INCLUSIVE.**

13   35.  Plaintiff repleads and realleges the previous paragraphs

14   contained herein and incorporates them by reference as though fully

15   set forth word for word herein.

16   36.  Jurisdiction is conferred upon the Court by 28 U.S.C.

17   §1338 and the doctrine of pendent jurisdiction.

18   37.  At all relevant times, Plaintiff's business involved the

19   creation and marketing of the Showcase Adjustable Compact Lighting

20   System.  Plaintiff fostered and developed new and ongoing business

21   by acquiring the trust and confidence of customers and prospective

22   customers, negotiating and performing contracts, and developing and

23   maintaining a valuable and substantial patronage and goodwill, and

24   the resultant expectation of receiving future business and

25   referrals.

26   ///

27   ///

28

9

38.   At all relevant times, Defendants, and each of them, knew, or should have known of the existence of the business relationships between Plaintiff and Plaintiff's customers and prospective customers, and knew, or should have known, that a substantial probability of future economic benefit to Plaintiff existed as a result of such relationships.  Defendants, and each of them, also knew, or should have known, that causing harm to or interfering with these relationships would result in substantial damage to Plaintiff.

39.   Defendants wrongfully and negligently engaged in conduct by making, using, selling, or offering for sell within the United States or importing the invention into the United States, during the term of Plaintiff's patent, the invention defined by Plaintiff's patent's claims, without Plaintiff's authority, which resulted in damage to Plaintiff's customer base and which deterred potential future customers from business interaction with Plaintiff, and which caused injury to Plaintiff's business reputation and goodwill, loss of business opportunities in general, and Plaintiff's prospects of marketing the Showcase Adjustable Compact Lighting System at a fair and reasonable price.

40.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injury, including, but not limited to, injury to trade, business and goodwill, in an amount to be ascertained and proven at trial.

///

///

///

///

## FIFTH CAUSE OF ACTION

**FOR AN ACCOUNTING BROUGHT BY PLAINTIFF BAUER**

**AGAINST DEFENDANTS WESTEK AND ROORDA AND DOES**

**1 THROUGH 20, INCLUSIVE.**

41.  Plaintiff repleads and realleges the previous paragraphs contained herein and incorporates them by reference as though fully set forth word for word herein.

42.  Jurisdiction is conferred upon the Court by 28 U.S.C. §1338 and the doctrine of pendent jurisdiction.

43.  Plaintiff is informed and believes that Defendants received substantial monies from the sale of products which infringed upon Plaintiff's patent rights.

44.  Although demand has been made upon Defendants to produce an accounting of the monies received from the sale of products which infringed upon Plaintiff's patent rights, Defendants have failed and refused to produce an accounting of said monies.

### PRAYER

**WHEREFORE,** Plaintiff respectfully demands entry of judgment as follows:

### FIRST CLAIM FOR RELIEF

1.  That judgment be entered for Plaintiff and against Defendants and for Plaintiff's actual damages according to proof and for any profits attributable to the infringements of Plaintiff's patent, in accordance with proof.

2.  That judgment be entered for Plaintiff and against Defendants for statutory damages based upon Defendants' acts of infringement.

3.   That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

4.   That all of the gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in a constructive trust for the benefit of Plaintiff.

5.   That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to the Plaintiff by the Court.

6.   On order prohibiting Defendants from making, using, selling, or offering for sale the invention within the United States or importing the invention into the United States, during the term of Plaintiff's patent, the invention defined by Plaintiff's claims, without Plaintiff's authority.

7.   That Plaintiff has such other relief as is just and proper.

### SECOND CLAIM FOR RELIEF

1.   That judgment be entered for Plaintiff and against Defendants and for Plaintiff's actual damages according to proof and for any profits attributable to the infringements of Plaintiff's patent, in accordance with proof.

2.   That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

///

///

1     3.    That all of the gains, profits, and advantages derived by
2  Defendants from their acts of infringement and other violations of
3  law be deemed to be held in a constructive trust for the benefit of
4  Plaintiff.

5     4.    That Defendants pay to Plaintiff the costs of this action
6  and reasonable attorney's fees to be allowed to the Plaintiff by the
7  Court.

8     5.    That Plaintiff has such other relief as is just and
9  proper.

### THIRD CLAIM FOR RELIEF

1.    That judgment be entered for Plaintiff and against
Defendants and for Plaintiff's actual damages according to proof and
for any profits attributable to the infringements of Plaintiff's
patent, in accordance with proof.

2.    That judgment be entered for Plaintiff and against
Defendants for statutory damages based upon Defendants' acts of
infringement.

3.    That Defendants be required to account for all gains,
profits, and advantages derived from their acts of infringement and
for their other violations of law.

4.    For an award of punitive damages in an amount sufficient
to punish Defendants and to make an example of them to deter future
like conduct.

5.    That Defendants pay to Plaintiff the costs of this action
and reasonable attorney's fees to be allowed to the Plaintiff by the
Court.

6.    That Plaintiff has such other relief as is just and
proper.

### FOURTH CLAIM FOR RELIEF

1.     That judgment be entered for Plaintiff and against Defendants and for Plaintiff's actual damages according to proof and for any profits attributable to the infringements of Plaintiff's patent, in accordance with proof.

2.     That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

3.     That all of the gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in a constructive trust for the benefit of Plaintiff.

4.     That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to the Plaintiff by the Court.

5.     That Plaintiff has such other relief as is just and proper.

### FIFTH CLAIM FOR RELIEF

1.     For a written copy of the account on which this claim is based.

2.     For such other and further relief as this Court deems just and proper.


DATED: February 7, 2000              SUPPA, TRUCCHI & LEE


                                     By: _____
                                         JERRY MICHAEL SUPPA
                                         Attorneys for Plaintiff
                                         RONALD BAUER

14



US005178449A

# United States Patent [19]

Bauer

[11]  Patent Number:     5,178,449

[45]  Date of Patent:     Jan. 12, 1993

[54]  LAMP ASSEMBLY

[76]  Inventor:   Ronald S. Bauer, 8532 Edwin Dr.,
                  Los Angeles, Calif. 90046

[21]  Appl. No.: 883,675

[22]  Filed:      May 15, 1992

[51]  Int. Cl.⁵ ............................... H01R 33/08
[52]  U.S. Cl. ......................... 362/133; 362/217;
                                              362/277
[58]  Field of Search .......... 362/217, 220, 240, 250,
                                          362/133, 277

[56]             References Cited

            U.S. PATENT DOCUMENTS

    2,800,573  7/1957  Hudson ..................... 362/220

    2,847,561  8/1958  Huerkamp et al. ........... 362/220
    4,208,702  6/1980  Wotowiec .................. 362/220
    4,739,454  4/1988  Federgreen ................ 362/217

Primary Examiner—James C. Yeung
Attorney, Agent, or Firm—Jack C. Munro

[57]             ABSTRACT

A lamp assembly which utilizes as a source of light an
elongated illumination tube. This tube is fixedly
mounted within a carrier housing with this housing
being pivotably mounted between a pair of mounting
brackets which are utilized to fixedly mount the lamp
assembly at any desired location on an exterior object.

5 Claims, 2 Drawing Sheets



EXHIBIT A



Fig. 1.

Fig. 2.

Fig. 3.

Fig. 4.

Fig. 5.

EXHIBIT A



Fig. 6.

Fig. 7.

Fig. 8.

Fig. 9.

EXHIBIT A

5,178,449

<table>
<tr><td>1</td><td>2</td></tr>
</table>

## LAMP ASSEMBLY

### BACKGROUND OF THE INVENTION

1) Field of the Invention

The field of this invention relates generally to lighting fixtures and more particularly to an illumination tube which can be quickly and easily mounted at any desired location on an exterior object and this tube being adjustable to assume various angles of illumination.

2) Description of the Prior Art

Lamp assemblies are exceedingly common and are in widespread usage. One type of lighting fixture that has been used in the past is a lighting fixture which utilizes a long, thin light bulb in which is to be located within an unusual or confining installing location such as under a shelf, at the top edge of a picture frame or other similar type of installation. The reason these types of lighting fixtures have been found to be so useful is that the occupy a small amount of space, generally do not affect the appearance of the object on which such are mounted and in some instances can be completely hidden from view. These types of fixtures can be utilized as a form of direct lighting or can be utilized as indirect lighting.

### SUMMARY OF THE INVENTION

The structure of the present invention is directed to a lamp assembly which utilizes an elongated cylindrical illumination tube which is to be operated electrically by electrical wires which are connected to the tube. This tube is fixedly mounted within a carrier U-shaped housing with a portion of the housing extending beyond the end of each tube. Within the portion of the housing that extends beyond the end of each tube is mounted a block with each block being fixedly mounted within its respective end. Each block is pivotally mounted onto a cylindrical protrusion of a mounting bracket with it being understood that there are two in number of mounting brackets. Each block is readily pivotable on its mounting bracket so that the illumination tube and its carrier housing can be pivoted to assume various angles of inclination relative to the brackets. These brackets are to be fixedly mounted by some conventional fixing means such as an adhesive or a screw fastener at a desired location on an exterior structure. The leg of each mounting bracket is recessed so as to provide adequate clearance in the pivoting of the housing.

The primary object of the present invention is to provide a lamp assembly which can be readily and quickly installed underneath shelves and other normally inaccessible locations which is to provide an indirect (or even direct) lighting.

Another objective of the present invention is to construct a lamp assembly which is easily and quickly adjustable to vary the direction or angle of illumination the lamp assembly provides.

Another objective of the present invention is to construct a lamp assembly which is convenient to use, reliable in usage and relatively inexpensive to manufacture and sell to the ultimate user.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a longitudinal front view of the lamp assembly of the present invention;

FIG. 2 is a bottom view of the lamp assembly of the present invention taken along line 2—2 of FIG. 1;

FIG. 3 is a cross-sectional view through a portion of the lamp assembly of the present invention taken along line 3—3 of FIG. 2;

FIG. 4 is a transverse cross-sectional view through one of the mounting brackets utilized in conjunction with the lamp assembly of the present invention taken along line 4—4 of FIG. 3;

FIG. 5 is a view similar to FIG. 4 but showing the illumination tube and its carrier housing position at a different angle of inclination than in FIG. 4;

FIG. 6 is a transverse cross-sectional view through the illumination tube of the lamp assembly of the present invention taken along line 6—6 of FIG. 3;

FIG. 7 is a view similar to FIG. 6 but showing the illumination tube and its carrier housing located in a different angle of inclination than that shown in FIG. 6;

FIG. 8 is an exploded view, partly in cross section, of a mounting bracket which is utilized in conjunction with the lamp assembly of the present invention where the mounting bracket uses adhesive as securement to an exterior structure; and

FIG. 9 is a view similar to FIG. 8 of a portion of the mounting bracket showing a screw fastener type of a securement as opposed to the adhesive type of securement.

### DETAILED DESCRIPTION OF THE SHOWN EMBODIMENT

Referring particularly to the drawings, there is shown the lamp assembly 10 of this invention which is designed to be mounted on an exterior structure such as underneath a shelf 12. Shelf 12 can be any rigid material such as wood, steel or plastic. It is to be understood that numerous other mounting environments can be utilized other than the shelf 12.

A light bulb in the form of a plastic illumination tube 14, which is cylindrical, is utilized within which is mounted a plurality of spaced apart light bulbs 16. Again, any form of a light bulb arrangement could be utilized without departing from the scope of this invention. The light bulbs 16 are connected together electrically in series with electrical conductor 18 connecting the light bulbs 16 to a source of electricity (not shown). The outer end of the tube 14 is integrally closed with the inner end of the tube 14 being closed by a plug 20. This plug 20 includes a through opening 22 and it is within this through opening 22 that the wires 18 pass.

The illumination tube 14 is snugly retained within an internal chamber 24 of a U-shaped housing 26 which functions as a carrier for the illumination tube 14. The housing 26 permits the light that is illuminated from the tube 14 to be directed in only one direction and that is through the open end of the housing 26. The housing 26 will be constructed to be opaque. A preferable material of construction for the housing 26 would be either plastic or metal. The tube 14 is snugly retained in a press fitted arrangement within the internal chamber 24 and it is noted that a portion of the housing 26 extends beyond each end of the tube 14.

Within the internal chamber 24 of the housing 26 that extends beyond the closed end of the tube 14, there is mounted a square-shaped block 28. Typical material of construction of this block 28 would be plastic. This block 28 is snugly retained within the housing 26. At the opposite end of the housing 26 there is fixedly mounted

**EXHIBIT A**

5,178,449

3

a block 30 within the internal chamber 24 of the housing 26.

The block 30 includes a through hole 32. The block 28 has no need for such a hole 32 but may include such in order to minimize the manufacturing of different parts. The block 30 includes an enlarged through hole 34 which connects with the through hole 32. Enlarged through hole 34 is to be snugly mounted on a cylindrical protrusion 36. However, the block 30 is to be pivotable on the protrusion 36. It is to be understood that a similar protrusion type of mounting will occur for block 28, again pivoting being permitted. The protrusion 36 includes a through opening 38 and it is through this through opening 38 that the conducting wires 18 is permitted to pass therethrough. A protrusion (not shown) utilized in conjunction with block 28 would have no need for the through hole 38 but again might include such in order to minimize the manufacturing of different parts.

The block 30 has sidewalls within which are located recesses 40. It is the function of the recesses 40 to provide a certain amount of "give" permitting the block 30 to deflect slightly when being installed within the internal chamber 24 of the housing 26. During this installation it is to be understood that the housing 26 will also deflect in a slightly outward direction. When block 30, as well as block 28, is fully installed in position, there is a inherently created biasing action between the housing 26 and each of the blocks 28 and 30 so as to snugly hold such in position.

The protrusion 36 is integrally mounted on leg 42 of an L-shaped mounting bracket which includes an upper leg 44. It is also to be understood that the protrusion associated with the block 28 is integrally mounted on leg 46 of an L-shaped mounting bracket which includes an upper leg 48. The L-shaped mounting bracket composed of a legs 46 and 48 is essentially identical in construction to the L-shaped mounting bracket which comprises legs 42 and 44. The legs 44 and 48 are mounted in a facing relationship in respect to each other and in alignment. On the outer surface of the legs 44 and 48 there is included some form of securement. One type of securement as is shown in FIG. 8 and comprises an adhesive pad 50. A similar adhesive pad 52 is mounted on the leg 48. A release paper 54 is to be removed to expose the adhesive pad 50 so that it can be secured to an exterior structure such as the shelf 12. Once the adhesive pads 50 and 52 are so installed, the lamp assembly 10 is now supportingly held in the desired position and is ready to be used. If it is desired that the adhesive pads 50 and 52 are not to be used, instead there could be utilized a screw fastener 56 as shown in FIG. 9. In such an instance, the upper leg 44, as well as upper leg 48, would be extended to include a back extension 58. It is within the back extension 58 that there would be provided a screw hole 60 through which the screw 56

4

would be conducted and permitted to penetrate the exterior structure such as the shelf 12.

As previously mentioned, the housing 26 is to be pivotable relative to both protrusions such as protrusion 36. This pivoting is readily depicted in both FIGS. 5 and 7 of the drawings. This pivoting is so as to direct the light being produced from the illumination tube 14 toward a particular direction. Once a particular position is obtained, the housing 26 will remain in that position.

Because of the corners of the square shaped housing 26, the inner surface of the upper legs 44 and 48 may interfere with this pivoting action. In order to provide sufficient clearance for such pivoting, the upper legs 44 and 48 are inwardly contoured to form recess 62.

What is claimed is:

1. A lamp assembly adapted for mounting on an exterior object such as underneath a shelf, said lamp assembly comprising:

an elongated illumination tube terminating in a pair of ends, an elongated U-shaped housing having an internal chamber, a light bulb being fixedly mounted within said tube, said elongated illumination tube being fixedly mounted to said housing and located within said internal chamber, a portion of said housing protruding beyond each said end forming a pair of block receiving chambers;

a block fixedly mounted in each said block receiving chamber, each said block having a central enlarged opening; and

said central enlarged opening being pivotally mounted on a cylindrical protrusion of a mounting bracket, each said mounting bracket being L-shaped forming an attaching leg, means connecting with said attaching leg for securement to the exterior object, whereby after securement to the exterior object said housing being manually pivotable about both said brackets to any one of a variety of positions and once pivoted to a particular position said housing will remain in that position.

2. The lamp assembly as defined in claim 1 wherein: said attaching legs of both said mounting brackets being located in a facing relationship and directly adjacent a portion of said housing, each said attaching leg having an exterior surface located directly adjacent said housing, each said attaching leg being recessed to define clearance to not interfere with said housing as it is pivoted relative to said mounting brackets.

3. The lamp assembly as defined in claim 2 wherein: said cylindrical protrusion including a through hole, electrical conducting wires being conductable through said through hole to connect with said light bulb.

4. The lamp assembly as defined in claim 4 wherein: said means comprising an adhesive.

5. The lamp assembly as defined in claim 4 wherein: said means comprising a screw fastener.

* * * * *

60

65

EXHIBIT A

# United States Patent № 5,178,449
## Lamp assembly

# United States Patent № 5,178,449

© 1999 by Corporate Intelligence

March 3, 1999

EXHIBIT A

*Westek*   SL10nB

# Strip Light



Easy to Install







Just Plug It In!

EXHIBIT B

  

**THIS PACKAGE INCLUDES:**

One strip Light
6 preassembled bulb sockets, lights
6 mounting screws (wood plug)
6 mounting brackets
Available in lengths with 12, 6 or 3 bulbs
Strip bulb lengths are 24", 12" or 6"

**SPECIFICATIONS:**

Input: 120 Volts 60 Hz
Output: 6 watts maximum
Bulbs: are 7 watts maximum
FOR INDOOR USE - 12.5

The slim designed Strip Light can be used to illuminate any dark area in your home or office. Installation is as simple as 1-2-3!

**INSTALLATION:**

The strip bulbs need to be in before installation can begin.

1. Locate the area for installation of the strip.

2. Position the Light in location where it will be used, your strip Light should be mounted on the surface you want exposed anywhere the bulbs will be installed this length. Fit the strip placement into mounting bracket. Screw should have a position until handled in.

3. To install the strip the switch is just a push up and the Strip turn the positive energy into the allows a push to go forward on and is inside the mounting surface from each side has been operational in position. Fit the strip can be put to move it is inside the rim it will be.

The Strip Light is also your indicator that you placed to be after it has been as you set it and push to a strip that the plug can be set the positive bring out to align it into in the area where it will be the need on the strip is for it.

**IMPORTANT SAFETY INSTRUCTIONS**

The set and plug has a polarized plug not safe any of the for this Prevents shock it should not operate any kind of the same.

**CAUTION:**

**Do not place near water such as bathtubs, sinks, fish tanks, etc.  Failure to follow this warning may result in Electrical Shock.**

For any doubts if any doubt any life plug has it's positive can in any position may in as a few of the as needs of the other if the strip in the few into as is a give it in. Start over time.

**LIMITED ONE YEAR WARRANTY:**

As a warranted this product to be free from manufacturing defect in material and from use of day of the the same for a strip to the the warranty if during the period of the day of its warranty to bring of this if a the positive not to the strip of day at return is as the may not your be bought distance value that it is it or for will the to be to the Strip it. If will not be to every of the polarized within a day to return the return it then it the any of the it is not it are the or and with of and it is strip of and to the or return a under the total part of the term at a position with best surface value if items as is it if it is positive it or it is or for it.

**WESTEK**
P.O. Box 29007
San Diego, CA 92163-9007
Made in China

© 1996 patent pending




**EXHIBIT B**

**LAUREN ROSS**
Attorney at Law
3800 Alameda Avenue
Suite 1150
Burbank, California 91505-4368
(818) 953-3840
Facsimile (818) 841-9712
E-Mail lross@pacbell.net

VIA CERTIFIED AND U S  MAIL

December 29, 1997

Mr. John Roorda, President
Westek, Inc.
9295 Farnham Street
San Diego, CA

Re  Patent Violation

Dear Mr. Roorda

This office has been retained to represent Mr  Ronald Bauer with respect to his legal affairs  It has come to my client's attention that Westek has violated a United States patent belonging to my client, being patent number 5,178,449, for "a lamp assembly which utilizes as a source of light an elongated illumination tube within a carrier housing with this housing being pivotal mounted between a pair of mounting brackets which are utilized to fixedly mount the lamp assembly at any desired location on an exterior object".  Your company manufactures and sells various size strip lights that violate my client's patent by using the patented assembly   My client has not licensed such use to Westek

This letter is a demand that you immediately cease and desist from violating the above-described patent.  Additionally, we demand that you provide us with information regarding the number of units you have produced  that infringe on my client's patent, in order for us to establish the amount of licensing fees appropriate to compensate my client for your wrongful use  The information that we are demanding includes  1) a list of each model strip light manufactured by Westek since January 12, 1993, that utilizes the patented assembly; 2) the quantity of each model identified in response to item 1 that has been manufactured, and, 3) the quantity of each model identified in response to item 1 that has been sold

If you do not immediately cease and desist from your wrongful use of my client's patent, we will commence immediate legal action including a temporary restraining order prohibiting your illegal use, to be effective immediately   If litigation becomes necessary, you will be liable for damages, attorneys fees, costs and, possibly, treble damages for your wrongful conduct.

**EXHIBIT C**

Mr. John Roorda, President
December 29, 1997
Page 2


This demand that you cease and desist is immediate. We demand the information regarding the number of illegal units sold by no later than January 5, 1998.


Very truly yours,

LAUREN ROSS

LR
cc: Mr. Ronald Bauer

**EXHIBIT C**

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br><br>00CV413IEG(CGA) | DATE FILED<br><br>02/29/00 | U.S. DISTRICT COURT<br><br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Ronald Bauer | | DEFENDANT<br><br>Westek Associates |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 5,178,449 | 01/12/93 | Ronald Bauer |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | | |
|---|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
|  |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
|  |  |  |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>  *00CV413IEG(CGA)* | DATE FILED<br>  *02/29/00* | U.S. DISTRICT COURT<br>  United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Ronald Bauer | | DEFENDANT<br><br>Westek Associates |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 5,178,449 | 01/12/93 | Ronald Bauer |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
|---|---|---|---|
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
|  |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
|  |  |  |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner  Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>  00CV413IEG(CGA) | DATE FILED<br>  02/29/00 | U.S. DISTRICT COURT<br>  United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Ronald Bauer | | DEFENDANT<br><br>Westek Associates |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 5,178,449 | 01/12/93 | Ronald Bauer |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
|---|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RONALD BAUER, an Individual, dba AMERICAN DE ROSA, a Corporation, | WESTEK ASSOCIATES, a Corporation, JOHN ROORDA, an Individual, and DOES 1 through 20, inclusive, |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED   LOS ANGELES PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   SAN DIEGO (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN)  '00 CV 0413 IEG (CGA) |
|---|---|
| SUPPA, TRUCCHI & LEE 3055 INDIA STREET SAN DIEGO, CA 92103-6013 (619) 297-7330 | BROWN, MARTIN, HALLER & MCCLAIN LLP 1660 UNION STREET SAN DIEGO, CA 92101-2926 (619) 238-0999 |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)  @ 28; 1338 pt

COMPLAINT FOR PATENT INFRINGEMENT; UNFAIR COMPETITION; INTENTIONAL INTERFERENCE WITH PROPSECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND ACCOUNTING

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|

DATE   February 7, 2000

SIGNATURE OF ATTORNEY OF RECORD

*Jerry Michael Suppa* (signature)

JERRY MICHAEL SUPPA, ATTORNEY FOR PLAINTIFF

#57811 #152-1812